

20 W. 55th St., 6th Floor
New York, NY 10019
p. 212.571.2000 | f. 212.571.0505

1 Market, Spear Tower, Ste 3600
San Francisco, CA 94105
p. 415.906.5417 | f. 415.520.0555

www.ottingerlaw.com

**Ariel Y. Graff**
ari@ottingerlaw.com

August 5, 2013

**BY EMAIL**

The Hon. Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
NathanNYSDChambers@nysd.uscourts.gov

    Re:    <u>*Catherine Viera v. Heineken USA, Inc.*, No. 13 Civ. 570 (AJN)</u>

Dear Judge Nathan:

We represent Catherine Viera ("Plaintiff" or "Ms. Viera") in the above-referenced action against her former employer, Defendant Heineken USA, Inc. ("Heineken" or "Defendant"), for terminating Ms. Viera's employment due to her disabilities in violation of the New York State and City Human Rights Laws. We write, pursuant to Fed. R. Civ. P. Rules 26(c) and 45, and Rule 2(C) of Your Honor's Individual Practices, to respectfully request that the Court quash Defendant's subpoena *duces tecum* to Ms. Viera's former employer, Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer"), and enter a protective order barring Defendant from seeking discovery from any other of Ms. Viera's employers.[1]

We note that prior to making this application to the Court, Plaintiff's counsel conferred with Defendant's counsel to determine whether Defendant had any valid basis for serving the third-party subpoena on Boehringer. Defendant's counsel asserted that the subpoena for Ms. Viera's personnel records during her last six months at Boehringer is within the scope of permissible discovery in this litigation because it would potentially enable Heineken to determine whether Ms. Viera was, in fact, currently employed at Boehringer as stated in her application for employment with Heineken, dated October 21, 2011. Heineken claims that Ms. Viera's employment status with Boehringer at the time of her application for employment with Heieneken is at issue in this litigation because a pleading filed by her divorce attorney in August 2012 – captioned "*Objection to Defendant's Emergency Ex-Parte Motion to Enjoin and for Sole*

---

[1]    A copy of Defendant's subpoena – which requests production of "*all documents in former employee, Catherine Volpe Viera's personnel file (not including health-related documents) during the last six months of employment*" – is attached hereto as <u>Exhibit A</u>.

The Hon. Alison J. Nathan
August 5, 2013
Page 2

*Custody, Post Judgment*" – states that the "plaintiff lost her job on or about September 2011," whereas Ms. Viera's application for employment at Heineken states that she was still employed by Boehringer as of October 21, 2011.[2]

In conferring with Defendant's counsel, we noted that the statement in the divorce filing was an apparent mistake by Ms. Viera's family law attorney, and provided Defendant with copies of Ms. Viera's paystubs from Boehringer, which reflect that Ms. Viera was, in fact, employed by Boehringer through the end of October 2011.  In addition, we note that the copy of Ms. Viera's signed acceptance of employment with Heineken – which Defendant produced in discovery (D00128) – has a facsimile header indicating that it was transmitted from "Boehringer Ingelheim" at 12:17PM on November 1, 2011, further underscoring that Ms. Viera was employed by Boehringer as of that date.

In any event, we proposed that – to the extent that Defendant has any basis for concern with respect to confirming Ms. Viera's dates of employment with Boehringer – we would not object to Defendant's issuance of a more limited subpoena to Boehringer seeking the specific information at issue (*i.e.*, documents evidencing Ms. Viera's dates of employment with Boehringer).  Defendant's counsel rejected this proposal, however, and instead asserted that the entirety of Ms. Viera's personnel file for the last six months of her employment with Boehringer is discoverable because it might corroborate that Ms. Veira's work performance at Boehringer reflected the same alleged deficiencies that Heineken cites as the purported basis for terminating Ms. Viera's employment approximately one-year later.

But any evidence of Ms. Viera's work performance at her former employer is irrelevant to the issues in this case – namely, Ms. Viera's work performance at Heineken and the basis for Heineken's decision to terminate her employment – and would, in any event, be inadmissible under FRE 404(a).  In *Chamberlain v. Farmington Sav. Bank*, 06-cv-1437 (CFD), 2007 WL 2786421 (D. Conn. Sept. 25, 2007), an employment discrimination case, the district court rejected a similar effort to subpoena the plaintiff's former employer, noting in particular, that the subpoena was aimed at improper character evidence.  Thus, the *Chamberlain* court held:

> First, the plaintiff's performance history is not relevant to the issues involved in the current case; rather, at issue is the plaintiff's performance in his position with the defendant.  Second, the defendant's request for production of documents relating to the plaintiff's performance history is not reasonably calculated to lead to

---

[2]    The underlying pleading from Ms. Viera's divorce proceeding was produced in discovery because Defendant maintained that it was relevant to the allegations in paragraphs 14-16 of the Complaint in this action, which state that: Ms. Viera relocated from Southbury to Darien, CT, in August 2012 to be closer to Heineken's offices, but (three days after completing her move) the court handling her divorce proceeding required her to agree to move back to Southbury so that her children would remain in the same school system.

The Hon. Alison J. Nathan
August 5, 2013
Page 3

> the discovery of admissible evidence. The defendant seeks to discover evidence of the plaintiff's performance history in order to show that he has a propensity for certain performance deficiencies. Such evidence is inadmissible under Federal Rule of Evidence 404(a), which provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith . . . ." The plaintiff's performance history, therefore, does not provide a basis for the discovery sought here.

*Id.* at *3; *see also Smartix Int'l, LLC v. Garrubbo, Romankow & Capese, PC*, 06-cv-1501 (JGK)(DFE), 2007 WL 4166035, at *2 (S.D.N.Y. Nov. 20, 2007) (citing *Chamberlain* with favor, and finding that pursuant to Fed. R. Civ. P. 26(c), "justice requires, in order to protect [plaintiff] from annoyance, embarrassment, and oppression, that discovery not be had into those personnel records" held by plaintiff's prior employers); *accord Ireh v. Nassau Univ. Med. Ctr.*, 06-cv-09 (LDW)(AKT), 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008) *aff'd,* 371 F. App'x 180 (2d Cir. 2010).

As there is accordingly no basis for Defendant to seek discovery from Ms. Viera's former employer in this case, we respectfully request that the Court quash Heineken's subpoena to Boehringer, and issue a protective Order barring any further attempts by Defendant to obtain discovery from Boehringer or any other of Plaintiff's former (or subsequent) employers.

Respectfully submitted,

*/s/ Ariel Graff*
Ariel Y. Graff

Attachment

cc:    Barry L. Asen, Esq. (counsel for Defendant)

# **EXHIBIT A**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| Catherine Vieira | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13 Civ. 570 (AJN) |
| Heineken USA, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., C/O CT CORP SYSTEMS

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: all documents in former employee, Catherine Volpe Vieira's personnel file (not including health-related documents) during the last six months of employment.

| Place: Epstein Becker & Green, P.C.<br>250 Park Avenue<br>New York, New York 10177 | Date and Time:<br>08/19/2013 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/01/2013

*CLERK OF COURT*

OR  /s/ Barry Asen

_____          _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Heineken USA, Inc. , who issues or requests this subpoena, are:

Barry Asen and Jennifer Goldman of Epstein Becker & Green, P.C., 250 Park Avenue, New York, New York 10177; Telephone Number: (212) 351-4847; E-mail: BAsen@ebglaw.com and JGoldman@ebglaw.com